## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

LARRY L. ROBINSON,                              )
also known as Larry Lynn Robinson,              )
ID # 1955575,                                   )
        Petitioner,                     )
vs.                                             )   **No. 3:15-CV-1453-D (BH)**
                                                )
WILLIAM STEPHENS,  Director,                    )   **Referred to U.S. Magistrate Judge**
Texas Department of Criminal                     )
Justice, Correctional Institutions Division,     )
        Respondent.                     )

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to exhaust state remedies.

### I.  BACKGROUND

Larry L. Robinson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 that was received on May 8, 2015.  He challenges his July 30, 2014 conviction for theft in case F-1451103-Y in the 204th Judicial District Court of Dallas County, Texas.  (doc. 3, at 1.)  Petitioner filed a direct appeal to the Court of Appeals of Dallas, *Robinson v. Texas,* No. 05-14-01064-CR, that remains pending.  (doc. 3, at 8); *see* www.search.txcourts.gov/Case.aspx?cn=05-14-01064-CR&COA=coa05&p=1 (March 10, 2015 Order reinstating appeal).  He also filed a state writ application for habeas corpus, but it was dismissed by the Texas Court of Criminal Appeals on February 11, 2015, because of the pending direct appeal. (doc. 3, at 4, 8); *see* www.search.txcourts.gov/Case.aspx?cn=WR-30,402-14&coa=coscca&p=1.

Petitioner filed a prior § 2254 petition challenging this same conviction that was dismissed

without prejudice for lack of exhaustion by order and judgment dated May 8, 2015, the day his current petition was received.  *See Robinson v. Stephens,* No.3:15-CV-453-P. (docs. 12, 13.)  He alleges several grounds for relief. (doc. 3, 6-7.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus.  *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986); *Richardson,* 762 F.2d at 432.  To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court.  *Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*.  *Shute v. State,* 117 F.3d 233, 237 (5th Cir. 1997).  It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.  *See Rose v. Lundy,* 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor,* 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented all of the claims he raises in his federal petition to the Texas Court of Criminal Appeals.  Petitioner himself acknowledges that the state writ application

2

was dismissed without prejudice, and that his direct appeal remains pending. (doc.3, at 8.)  He has

not shown that he has obtained a final resolution of his claims from the Texas Court of Criminal

Appeals.  A ruling from the federal court at this juncture would preempt the state court from

performing its proper function.  *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed

to protect the state courts' role in the enforcement of federal law and prevent the disruption of state

judicial proceedings").  Petitioner is therefore not entitled to habeas corpus relief for failure to

exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition under 28 U.S.C. § 2254 should be **DISMISSED** without

prejudice for failure to exhaust state court remedies.

**SO ORDERED** this **12th day** of **May, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE